{¶ 13} I respectfully dissent from the majority; I would enter judgment in favor of Rice. There was no dispute that Liberty failed to offer East Ohio Gas the full amount of the policy limits of $2 million. Pursuant to Linko v. Indemnity Ins.Co. of No. Amer.,[1] a valid offer for UM/UIM coverage must: (1) inform the insured of availability of UM/UIM motorist coverage, (2) set forth the premium for the coverage, (3) include a brief description of coverage, and (4) expressly state the UM/UIM coverage limits. Pursuant to Linko, because Liberty failed to "expressly state the UM/UIM coverage limits" in its offer, CNG's selection of a reduced amount of coverage is invalid. Thus, UIM coverage arises by operation of law.
 {¶ 14} When coverage arises by operation of law, the amount of coverage is equal to the general liability limits.[2]
The amount of UIM coverage available under Liberty's policy is therefore $2 million, which is the amount set forth in the general liability section. Judgment should have been issued in Rice's favor.
[1] 90 Ohio St.3d 445, 2000-Ohio-92.
[2] Gyori v. Johnston Coca-Cola Bottling Group, Inc.,76 Ohio St.3d 565, 1996-Ohio-358; Johnson v. Liberty Mut. Fire Ins.Co., 10th Dist. No. 03AP-674, 2004-Ohio-1979.